WILLIAM JOHNSTON v. EDWIN FITZGEORGE.

1. An adverse possession of lands will be interrupted, and its continuity broken, if the owner, either personally or by an agent duly authorized for that purpose, actually enter upon the lands in pursuance of his right and in assertion of his claim as owner, with intent to take possession; whether such an entry will interrupt adverse possession, if the adverse possessor acquire no knowledge of it, or whether such entry, to be effectual, must be made with such notoriety as will justify the inference that he might have vindicated his claim to the land by action, not determined.

2. The assertion of right, and the intent to take possession, need not be shown by words or declarations, but may be inferred from the acts and circumstances.

3. If, in a case involving adverse possession, an inference may be drawn from the evidence that such an entry has been made, the question must be submitted to the jury.

4. That the owner's possession, after such entry, was retained for only a brief period, or that the acts indicating intent were of a trivial nature, will not justify withdrawal of the question from the jury, if a fair inference may be drawn from the whole evidence that the entry was of the character which would interrupt the adverse possession.

On case certified from the Mercer Circuit.

Argued at February Term, 1888, before BEASLEY, CHIEF JUSTICE, and Justices MAGIE and GARRISON.

For the plaintiff, *W. D. Holt.*

For the defendant, *Chauncy H. Beasley.*

The opinion of the court was delivered by

MAGIE, J. The matter certified to this court for its advisory opinion arose in the trial of an action of ejectment. The certificate contains a portion of the testimony given upon the trial, and the question submitted is, " Whether, assuming that an adverse possession for more than twenty years prior to the purchase of the writ was plainly shown, saving such interruptions of such adverse possession as were made to appear in the accompanying testimony, the jury should not have been instructed to find for the defendant, with respect to the whole or a part of the premises."

The case shows that defendant rested upon an adverse possession of the premises in dispute.

The testimony thus brought before us shows that within the twenty years in question the owner of the land directed her brother, with whom she lived, and from whom she had bought the land, to take down a fence which separated it from other land included in the same purchase. The testimony will justify an inference that the order of the owner was obeyed, and the fence taken down.

It also shows that the owner, on the same day, directed her nephew, about fifteen years of age, to " clean up " the premises, and that he obeyed the direction, and on that day leveled off the surface of the ground and spread around the ashes found thereon. No building or erection, other than the fence, was found thereon.

It also appeared that within a week the fence was replaced, apparently under the claim of adverse possession.

We are therefore to determine whether that evidence should have been submitted to the jury, as justifying a finding that the adverse possession had been interrupted.

In order that an adverse possession of lands shall ripen into title, it must be continued for the full period of twenty years. If, before that period has elapsed, the possession has been abandoned, or the owner has entered and regained possession, the continuity of the adverse possession will have been broken. If it be renewed thereafter, it will begin to count only from such renewal, and the period previous to the abandonment or interruption cannot be counted as part of the twenty years.

The entry of the owner to interrupt the continuity of adverse possession resembles the entry which, at common law, was necessary to transform a seisin and freehold at law (obtained by the devolution of a freehold estate by act of law, as by descent) into a seisin and freehold at deed, in that it must be an actual entry on the lands by the person having a right of entry, or by some one thereto authorized by him (which authority may be conferred by parol), and the entry must be with intent, and accompanied by some act evincive of such intent. To avoid the statute of limitations the entry must, moreover, be not a mere casual entry, but made *animo clamandi*. *Greenl. Cruise Dig.*, tit. *I.*, § 24, *note ; tit. XXXI.*, § 37 ; *Angell on Limitations*, § 378.

But the assertion of right, or the intent to enter and take possession, need not be shown by words or declarations, but may be inferred from acts and circumstances. If no one is in actual occupation at the time of entry, no declaration of purpose would. be useful or necessary. It is sufficient if the required purpose may be inferred. *Co. Lit.* 245 *b ; Greenl. Cruise Dig.*, tit. *I.*, § 24 ; *Brickett* v. *Spofford*, 14 *Gray* 514 ; *Robinson* v. *Strett*, 3 *Greenl.* 316 ; *Tolman* v. *Emerson*, 4 *Pick.* 160.

When the evidence of the acts done does not conclusively show the required intent, yet, if it may justify an inference of its existence, it should be submitted to the jury. *Bowen* v. *Guild*, 130 *Mass.* 121.

Since an entry, under circumstances indicating no claim of right or purpose to take possession is of no effect, a mere casual going upon the land would not interrupt adverse possession, and an entry by stealth would seem to negative a claim of right. *Tyler on Eject.* 908.

The important question in all cases is as to the intent and purpose of the entry. That the intent is indicated only by trivial acts, or that the possession acquired was retained only for a short time, does not necessarily deprive an entry of the effect of interrupting adverse possession. What acts will indicate such an intent must vary widely, in accordance with various sorts of property. It is not the length of the interruption, but its quality, which is to be considered in determining whether the continuity of the adverse possession has been broken. If the acts proved, considering the nature and situation of the land, indicate an assertion of right and an exercise of dominion and possession, then an interruption would take place and be effective, although possession was retained but for a brief period. *Tyler on Eject.* 910 ; *Worssam* v. *Vandenbrande*, 17 *W. R.* 153, *C. P.*

Whether an actual entry, accompanied with the required intent, will be effectual to interrupt adverse possession, although the adverse possessor acquired no knowledge of it : or whether such entry, to be effectual, must be made with such notoriety as will justify an inference that the adverse possessor, by diligence, might have vindicated by action any right he had to the land, need not be determined. An adverse possessor, at the most, can claim no greater protection than that degree of notoriety which would enable him to put his claim to the land to the test of an action.

Applying these principles to the question before us, I think there was matter to be submitted to the jury.

The premises in question consisted of a few square feet of land, situated nearly at the rear of a city lot in the heart of a city. They were called in the testimony a "recess," or "offset."

From the testimony, it appeared that the owner directed her agents to enter upon these premises, and it may well be in-

ferred that they both obeyed the direction. By her orders they did acts thereon, such as demolishing the fence and leveling the ground, which are acts of dominion. By demolishing the fence the premises became connected with other lands of the owner, of which she appears to have had the actual or constructive possession. While the mere leveling the surface of the grounds seems trivial, yet I cannot see what act could have been resorted to, upon that piece of land, more indicative of an assertion of right and possession, except the enclosure of the land or the erection of a building thereon. The act of enclosing or of erecting a building would doubtless afford clear proof of the owner's intent. But any act indicative of dominion will afford some proof of intent.

The acts thus directed to be done by the owner ought not to be inferred to have proceeded from an intent to do a wanton and useless injury. She had, in fact, an absolute right to do those acts, because she was the owner of the land. The true inference, therefore, is that they were done in pursuance of that right, and since they tended toward the protection of her right, that they were likewise with that intent.

From the evidence, it should have been submitted to the jury to say whether there had not been an actual entry by or in behalf of the owner, in pursuance of her right and in assertion of her claim of ownership, with intent to take possession.

Upon the evidence, I also think it should have been left to the jury to say whether the acts done were not sufficiently notorious to enable the adverse possessor to vindicate his claim, if that be the legal rule by which his rights are to be measured.

I have not been able to discover in the testimony any reason why the question which should thus have been submitted to the jury should have been restricted to any particular part of the premises. On the contrary, the acts done were such that it was proper to leave to the jury to say whether there had not been an entry upon every part of this small plot of land. Besides, the entry, if made under a claim of ownership of the whole plot, under a paper title covering it, would be effective

as to the whole plot, although she, or those acting for her, did not, in fact, set their feet on every portion thereof.

The question certified should, therefore, be answered in the negative.